IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ISAAC MITCHELL, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 09-972 |
| | ) | |
| v. | ) | District Judge Terrence F. McVerry |
| | ) | Chief Magistrate Judge Lisa Pupo Lenihan |
| JEFFREY BEARD *et al.*, | ) | |
| | ) | |
| Defendants. | ) | Re: ECF No. 90 |

## REPORT AND RECOMMENDATION

### I. RECOMMENDATION

It is respectfully recommended that the Motion for Summary Judgment filed by Defendants Black and Shira at ECF No. 90 be granted.

### II. REPORT

A. Facts

Plaintiff, Isaac Mitchell ("Plaintiff"), is a pro se prisoner currently in custody at the State Correctional Institution at Greene ("SCI-Greene"). Plaintiff claims that Defendant Corrections Officers Black ("Defendant Black") and Shira ("Defendant Shira") (collectively "Defendants") were deliberately indifferent to a serious medical need when they refused to transport Plaintiff by wheelchair to medical triage on August 2, 2007 causing him to fall, and that they failed to provide him with adequate medical treatment after he had fallen. Plaintiff filed suit pursuant to 42 U.S.C. § 1983 against numerous defendants. Defendants Black and Shira are the only defendants remaining in the case.

Plaintiff had his own walker for several years prior to August 2007; he used the walker when he went to the shower. (Plaintiff's Deposition, ECF No. 91-1 at 7-8, 12-13.) In 2007, Plaintiff was permitted to use a wheelchair to go to the exercise yard once per week, and to go to the law library once per week. (ECF No. 91-1 at 15-16.) Plaintiff did not have a wheelchair of his own; rather, the wheelchair had always come from somewhere else. (ECF No. 91-1 at 15.) Plaintiff's medical records contain no documentation or notations to suggest he needed a wheelchair. (Official Inmate Grievance-Initial Review Response, ECF No. 91-1 at 23.) (*See also* Official Inmate Grievance, ECF No. 91-1 at 25 ("Nurse Lucos & Lt. Santoya stated there[']s nothing on/in the record that I could use a wheelchair.")). When Plaintiff requested the use of a wheelchair on the day of his fall, Defendants Black and Shira responded that the nurse would have to authorize the use of the wheelchair. (ECF No. 91-1 at 18.) Plaintiff, not wanting to refuse treatment for certain medical issues not related to the present claim, agreed to use his walker that was kept in his cell. Plaintiff walked 20 to 25 feet with his walker and then fell on his walker, toward his left side, and onto the floor. (ECF No. 91-1 at 13.) Plaintiff claims that these Defendants did not bring him a wheelchair when he requested it, and that he was forced to use his walker if he wanted medical care from triage, even though he told Defendants he could not make it to triage using his walker. (ECF No. 91-1 at 18.)

Plaintiff testified that, after he fell, Defendants told him that they had to wait for the nurse before they could move him. (ECF No. 91-1 at 13.) Someone then called for medical help. In about 10, 15 or 20 minutes, a nurse arrived. (ECF No. 91-1 at 16.) After a brief examination by a nurse, Defendants lifted Plaintiff onto a wheelchair or gurney,[1] and Plaintiff was transported to

---

[1] Plaintiff was unable to recall during his deposition whether he was lifted onto a gurney or wheelchair.

medical where he was again examined. (ECF No. 91-1 at 14-17.) Plaintiff testified that he cannot remember if Defendants accompanied him to medical. (ECF No. 91-1 at 17.)

As a result of his fall, Plaintiff stated he had a "knot" on his head and that his shoulder hurt. (ECF No. 91-1 at 17.) The Medical Incident/Injury Report indicated that Plaintiff sustained "no apparent injuries." (ECF No. 91-1 at 28.) Plaintiff was not bleeding. (ECF No. 91-1 at 17.)

B. Legal Standard

PRO SE PLEADINGS

The court must liberally construe the factual allegations of Plaintiff's Complaint because pro se pleadings, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus,* 551 U.S. 89, 94 (2007) (internal quotation omitted); *Haines v. Kerner,* 404 U.S. 519, 520 (1972). In addition, the court should "'apply the applicable law, irrespective of whether a pro se litigant has mentioned it by name.'" *Higgins v. Beyer*, 293 F.3d 683, 688 (3d Cir. 2002) (quoting *Holley v. Dep't of Veterans Affairs*, 165 F.3d 244, 247-48 (3d Cir. 1999)).

SUMMARY JUDGMENT

Summary judgment is appropriate if, drawing all inferences in favor of the nonmoving party, "the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Summary judgment may be granted against a party who fails to adduce facts sufficient to establish the existence of any element essential to that party's case, and for which that party will bear the burden of proof at

trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The moving party bears the initial burden of identifying evidence which demonstrates the absence of a genuine issue of material fact; that is, the movant must show that the evidence of record is insufficient to carry the non-movant's burden of proof. *Id.* Once that burden has been met, the nonmoving party must set forth "specific facts showing that there is a genuine issue for trial" or the factual record will be taken as presented by the moving party and judgment will be entered as a matter of law. *Matsushita Elec. Indus. Corp. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting Fed. R. Civ. P. 56(e)) (emphasis added by *Matsushita* Court). An issue is genuine only "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Anderson v. Liberty-Lobby, Inc.*, 477 U.S. 242, 248 (1986). In *Anderson*, the United States Supreme Court noted the following:

> [A]t the summary judgment stage the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial. . . . [T]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted.

*Id.* at 249-50 (internal citations omitted). The non-movant cannot rely solely on unsupported assertions or conclusory allegations. *Anderson*, 477 U.S. at 249.

C. <u>Analysis</u>

Section 1983 of the Civil Rights Act provides as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or any other person within the jurisdiction thereof to the deprivation of any rights, privileges, or

4

> immunities secured by the Constitution and laws, shall be liable to
> the party injured in an action at law, suit in equity, or other proper
> proceeding for redress . . . .

42 U.S.C. § 1983. To state a claim for relief under this provision, the Plaintiff must demonstrate that the conduct in the complaint was committed by a person or entity acting under color of state law, and that such conduct deprived the Plaintiff of rights, privileges or immunities secured by the Constitution or the laws of the United States. *Piecknick v. Commonwealth of Pennsylvania*, 36 F.3d 1250, 1255-56 (3d Cir. 1994). Section 1983 does not create rights; it simply provides a remedy for violations of those rights created by the United States Constitution or federal law. *Kneipp v. Tedder*, 95 F.3d 1199, 1204 (3d Cir. 1996).

Defendants Black and Shira argue that summary judgment should be granted in their favor because there is no record evidence that they were deliberately indifferent to a serious medical need of Plaintiff. Plaintiff argues that summary judgment should be denied because Defendants did not provide a wheelchair for him when he indicated that he could not make it to triage with his walker.

In *Estelle v. Gamble*, the United States Supreme Court noted that the most elementary principles underlying Eighth Amendment constitutional jurisprudence "establish the government's obligation to provide medical care for those whom it is punishing by incarceration." 429 U.S. 97, 103 (1976). The *Estelle* court concluded that the Eighth Amendment prohibits the deliberate indifference to serious medical needs of prisoners. *Id.* at 104. The court continued that a cause of action pursuant to §1983 is thereby established "whether the indifference is manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed." *Id.* at 104-05 (footnotes omitted).

It was not until 1994, however, in *Farmer v. Brennan*, that the United States Supreme Court clarified its meaning of the term "deliberate indifference." 511 U.S. 825 (1994). In *Farmer*, the court held as follows:

> We hold instead that a prison official cannot be found liable under the Eighth Amendment . . . unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference . . . . But an official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot under our cases be condemned as the infliction of punishment.

*Id.* at 837-38. The *Farmer* court also discussed its reasoning in *Estelle*, noting that negligence in diagnosing or treating medical conditions of prisoners will not rise to the level of an Eighth Amendment violation. *Farmer*, 511 U.S. at 835 (quoting *Estelle*, 429 U.S. at 106).

Conversely, a plaintiff must also demonstrate a medical need that is objectively "sufficiently serious." A medical need is "serious" if it is one that has been diagnosed by a physician as mandating treatment, or one that is so obvious that even a lay person easily would recognize the necessity for a doctor's attention. *Monmouth Cnty. Corr. Inst. Inmates v. Lanzaro*, 834 F.2d 326, 347 (3d Cir. 1987).

The Court has carefully reviewed the record in this case, and has liberally construed all of Plaintiff's arguments. There is absolutely no record evidence to suggest that Defendants Black and Shira were deliberately indifferent to Plaintiff's medical needs in violation of the Eighth Amendment. First, with regard to their failure to provide a wheelchair for Plaintiff upon his request, there is no record evidence suggesting that Defendants knew that Plaintiff medically required a wheelchair, and that they refused to provide one in spite of that knowledge. Plaintiff's medical records did not indicate that a wheelchair was necessary. Instead, Plaintiff had his own

6

walker that was kept in his cell. Although Plaintiff did have the use of a wheelchair when he went to the law library (which is located past triage (ECF No. 91-1 at 15)), and when he went outside to sit in the exercise yard for two hour intervals (ECF No. 91-1 at 16), there was nothing in Plaintiff's medical records indicating Plaintiff's need for a wheelchair. In fact, when Plaintiff did use a wheelchair to sit in the exercise yard or to go to the law library, a wheelchair was brought to him from some other location; Plaintiff did not have his own wheelchair. Defendants specifically indicated to Plaintiff that the nurse said that he could not have a wheelchair to go to triage. (ECF No. 91-1 at 12.) Hence, Plaintiff has failed to come forward with evidence that Defendants knew Plaintiff had a serious medical need requiring transportation by wheelchair, and that Defendants refused to provide a wheelchair despite that knowledge. Therefore, Plaintiff has failed to raise an issue of material fact that Defendants were deliberately indifferent to a serious medical need.

Further, with regard to Plaintiff's claim that he was denied adequate medical care after his fall, there is no record evidence that Plaintiff's medical needs were not met. Immediately after his fall, Defendants waited for a nurse to preliminarily evaluate Plaintiff before they lifted him off the floor. Once they received permission from the nurse, Defendants lifted Plaintiff off the floor and onto a gurney or wheelchair. Plaintiff is not complaining that these Defendants "manhandled" him after he fell. (ECF No. 91-1 at 18.) Instead, Plaintiff concedes in deposition that he is not complaining about anything Defendants did after he fell; Plaintiff testified that he is complaining about Defendants' refusal to get him a wheelchair when he needed one to go to triage. (ECF No. 91-1 at 18.) In addition, record evidence also reflects that after his fall, Plaintiff sustained "no apparent injuries." Plaintiff only claimed that he had a "knot" on his head and that his shoulder hurt. Hence, Plaintiff has failed to raise an issue of material fact that he

7

sustained a serious medical injury after the fall, to which Defendants were deliberately indifferent.

Therefore, the Motion for Summary Judgment filed by Defendants Black and Shira should be granted.

### III. CONCLUSION

For the reasons discussed above, it is respectfully recommended that the Motion for Summary Judgment filed by Defendants Black and Shira at ECF No. 90 be granted.

In accordance with the Magistrate Judge's Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Federal Rule of Civil Procedure 72(b)(2), and Local Rule of Court 72.D.2., the parties are allowed fourteen (14) days from the date of service to file objections to this report and recommendation. Any party opposing the objections shall have fourteen (14) days from the date of service of objections to respond thereto. Failure to file timely objections will constitute a waiver of any appellate rights.

Dated: February 14, 2012　　　　　　　　　　　BY THE COURT:

　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　LISA PUPO LENIHAN
　　　　　　　　　　　　　　　　　　　　　　　Chief United States Magistrate Judge

cc:　　All Counsel of Record
　　　　Via Electronic Mail

　　　　Isaac Mitchell
　　　　EG – 7580
　　　　185 Progress Drive
　　　　SCI Greene
　　　　Waynesburg, PA  15370